CULPEPPER, Judge.
Plaintiff has brought this proceeding against John A. Caesar, as principal, and Steve Talambas and - Floyd Andries, as sureties, for the collection of an indebtedness of $3,259.77, representing the balance due for newspapers shipped by plaintiff to defendant John A. Caesar during the month of December, 1953, under a dealership contract. From an adverse judgment, in the lower court, defendants have appealed.
The record shows that in their answer the defendants admitted the dealership contract but denied the indebtedness. The principal defense is that when Caesar began to have financial difficulties and gave plaintiff a worthless check for the publications delivered during November, 1953, the plaintiff sent to Alexandria its representative, Mr. Rojas, who, on December 10, 1953, actually took over the dealership. Defendants, therefore, contend that they are not liable for any publications delivered after December 10th.
After a thorough and detailed analysis of the evidence in this regard, the lower court, in a well-written opinion, disposed of this issue in the following language which we adopt as our own:
“From this evidence a rather clear picture of the events in sequence comes into focus. During the month of December, plaintiff, through its representative, was staying in very close contact with Mr. Caesar in attempting to collect his indebtedness. His own testimony is proof enough of this. Sufficient reason for this anxiety and watchfulness is the fact that Caesar did not until November 28th pay his October account by making good a worthless check he had previously delivered as payment.
“Mr. Rojas admits that his close and persistent contact began on December 6th. If Caesar’s carriers and Rabalais are believed, Rojas’ collection activities began about the first of the month with Rojas having the books in his possession. Caesar, however, does not claim either in his pleadings or testimony that control of his business was taken away before the 10th. To the contrary, he says that Rojas had access to his books with permission. In addition, it clearly appears that Caesar was working with Rojas in effecting collections and in remitting them to plaintiff. Further, and of utmost importance, is the simple fact that Caesar signed each of the weekly charge sheets showing delivery of the publications to him throughout December.
“Also of significance is the letter written by Caesar to Stanton on December 23rd, reading:
“‘Mr. G. T. Stanton
“ ‘Times-Picayune Pub. Co.
“ ‘Lafayette Square
“ ‘New Orleans, La.
“‘Dear Sir:
“ ‘Well it looks like I failed you and myself. I don’t quite know what happened myself. The refusal of the loan came as a surprise since the priest at St. Rita’s assured me that it would go through.
“ T don’t know of anything else to say except that I really appreciate what you have done for me and the con *220 fidence you had in me. I’m sorry I failed you. I’ll take this means to wish you a merry Christmas and a Happy New Year from the bottom of my heart.
“ ‘John A. Caesar.’
“According to Stanton, not only had Caesar discussed resigning the dealership in their conversation of December 18th, but he also called the witness on December 24th and said he would have to resign. Stanton took the letter of December 23rd, above, as a letter of resignation. Caesar, however, says the letter was not intended as a resignation but simply to advise Stanton that he could not secure a loan. Regardless of the interpretation to be put on this communication the fact is evident that Caesar on December 23rd did not express himself in the manner to be expected of one who thirteen days earlier had been ousted from his business in the manner he claims.
“The weight of the evidence is clearly against Caesar on the point and carries with it the inescapable conclusion that he was the dealer throughout December and is responsible for the deliveries made in that month.”
Passing now to a consideration of the reconventional demand filed by the defendant Caesar, we find again that the evidence clearly supports the factual conclusions reached by the lower court and we therefore adopt as our own that portion of his written opinion which reads, as follows:
“This resolution brings us to a consideration of the reconventional demand, the first item of which deals with an estimated $2500.00 due in subscriptions shown on the books at the beginning of December and which it is alleged that Rojas and Meissen destroyed, the theory being that the collections could not be made without these records.
“The conclusions already expressed should be sufficient to dispose of this item in the reconventional demand. As heretofore said, Caesar admitted that Rojas had access to his books in December with permission and the both of them were seemingly working together in getting in collections and remitting them to plaintiff. While Caesar claims his books were taken from him and his control around December 10th, we have not only the testimony of Rojas, whom defendants criticize so severely in their brief, to the effect that they were not taken until January, but we have also the confirmative testimony of Neissen, who holds a responsible position with plaintiff and impressed the Court that he is a responsible person. Both of these witnesses swore that the books were returned to Caesar. Suffice it to say that Caesar has not sustained the burden of proof resting upon him.
“The last item, concerning office expense for January, 1954, is based upon the claim, that Glass took over the occupancy of Caesar’s business place, then moved out about January 15th with the result that Caesar had to pay rent, telephone and utility charges. The basic allegations is, as set forth in paragraph 13: ‘Further, said Glass agreed to continue the occupancy of the premises occupied by plaintiff’s dealer, said occupancy being concurred in by Mr. Rojas, plaintiff’s agent, representative or employee.’ Here again there is no proper allegation of a contract with plaintiff being represented by an authorized agent, but, instead there is an allegation of an agreement with Glass, ‘concurred in by Mr. Rojas’. Suffice it to here say that whatever claim Caesar may have is one against Glass personally and not against plaintiff.
“Accordingly, Caesar is not entitled to any recovery on the reconventional demand.
“With reference to the disputed items on the account, plaintiff has sustained the burden of proof in connection with *221 all debit items, Caesar not actually disputing them in his testimony. Additionally, it is shown by the preponderance of the evidence that Caesar has been fully credited with all payments made on the account.”
This case involves only factual issues. In our opinion, the evidence amply supports the findings of fact by the trial judge and his judgment is, therefore, affirmed. All costs of this appeal are assessed against the defendants.
Affirmed.